**07 CV 2922**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LUYANG (HK) GROUP LTD.,

            Plaintiff,

- against -

QINGDAO WINTIME INTERNATIONAL
TRANSPORTATION CO. LTD a/k/a WINTIME
INTERNATIONAL TRANSPORTATION CO. LTD.,

            Defendant.
------------------------------------------------------X

07 CV _____
ECF CASE



RECEIVED
APR 12 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, LUYANG (HK) GROUP LTD. (hereafter referred to as "Plaintiff"), by and through its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, QINGDAO WINTIME INTERNATIONAL TRANSPORTATION CO. LTD a/k/a WINTIME INTERNATIONAL TRANSPORTATION CO. LTD. (hereinafter "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law and was at all material times the Owner of the motor vessel "PROGRESS" (hereinafter the "Vessel").

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the Charterer of the Vessel.

4. Pursuant to a charter party dated January 13, 2007, Plaintiff chartered the Vessel to Defendant.

5. Disputes arose between the parties regarding Defendant's failure to pay detention charges due and owing under the charter party contract.

6. As a result of Defendant's breach of the charter party contract, Plaintiff has sustained damages in the total principal amount of $82,125.00, exclusive of interest, arbitration costs and attorney's fees.

7. Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

8. Despite due demand Defendant has failed to pay the amounts due and owing under the charter party.

9. As a result, Plaintiff has or will initiate arbitration on its claims.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $82,125.00 |
| B. | Estimated interest on claims:<br>2 years at 7.5%, compounded quarterly | $13,177.60 |
| C. | Estimated attorneys' fees: | $15,000.00 |
| D. | Arbitration costs/expenses: | $10,000.00 |
| Total | | $120,302.60 |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of China, Bank of New York, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of China, Bank of New York, Citibank, Deutsche Bank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A.,

which are due and owing to the Defendant, in the amount of **$120,302.60** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court recognize and confirm any arbitration award or judgment rendered on the claims had herein as a Judgment of this Court;

D.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.   That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
April 12, 2007

The Plaintiff,
LUYANG (HK) GROUP LTD.

By: _____
Nancy R. Peterson (NP 2871)
Patrick F. Lennon (PL 2162)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
npeterson@tisdale-lennon.com
plennon@tisdale-lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut )
                      ) ss.: Town of Southport
County of Fairfield )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    Southport, CT
             April 12, 2007

                                              Nancy R. Peterson